IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NETSOFT HOLDINGS, LLC,<br><br>　　　　　　Defendant. | Case No: 1:21-CV-01071<br><br>**JURY TRIAL DEMANDED**<br><br>PATENT CASE |

**NETSOFT, LLC'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Netsoft Holdings, LLC ("Netsoft" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Social Positioning Input Systems, LLC's ("Plaintiff" or "Social Positioning") Complaint for Patent Infringement ("Complaint"). Netsoft denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES AND JURISDICTION**

1.　Netsoft admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

2.　Netsoft admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

---

[1] For avoidance of doubt, Netsoft denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

3. Netsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Netsoft admits the allegations in Paragraph 4 of the Complaint.

5. Netsoft does not contest that the Court has personal jurisdiction over it in this case. Netsoft admits that it conducts business in the State of Indiana. Netsoft denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Netsoft admits that it has used, imported, offered for sale, or sold instrumentalities in this District. Netsoft denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint

## VENUE

7. Netsoft does not contest that venue is proper in this case, but denies that venue is convenient.

## COUNT I

## (ALLEGED) INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365

8. Netsoft incorporates paragraphs 1 through 7 herein by reference.

9. Netsoft admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq*.

10. Netsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Netsoft admits that a purported copy of U.S. Patent No. 9,261,365 (the "'365 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device."

12. Netsoft denies the allegations in Paragraph 12 of the Complaint.

13. Netsoft denies the allegations in Paragraph 13 of the Complaint.

14. Netsoft denies the allegations in Paragraph 14 of the Complaint.

15. Netsoft denies the allegations in Paragraph 15 of the Complaint.

16. Netsoft denies the allegations in Paragraph 16 of the Complaint.

17. Netsoft denies the allegations in Paragraph 17 of the Complaint.

18. Netsoft denies the allegations in Paragraph 18 of the Complaint.

19. Netsoft denies the allegations in Paragraph 19 of the Complaint.

20. Netsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Netsoft denies the Plaintiff is entitled to any relief from Netsoft and denies all the allegations contained in Paragraphs (a)-(e) (including any subparts) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Netsoft's Affirmative Defenses are listed below. Netsoft reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

**FIRST AFFIRMATIVE DEFENSE**

Netsoft has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '365 Patent.

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the '365 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and any predecessors in interest to the '365 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Netsoft's actions allegedly infringe the '365 Patent, Netsoft is not liable to Plaintiff for the acts alleged to have been performed before Netsoft received actual notice that it was allegedly infringing the '365 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Netsoft indirectly infringes, either by contributory infringement or inducement of infringement, Netsoft is not liable to Plaintiff for the acts alleged to have been performed before Netsoft knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the '365 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Netsoft.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '365 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Netsoft practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device"; as required by Claim 1 of the '365 Patent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '365 Patent that would be broad enough to

cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## TWELFTH AFFIRMATIVE DEFENSE

Should Netsoft be found to infringe any valid, enforceable claim of the '365 Patent, such infringement was not willful.

## NETSOFT'S COUNTERCLAIMS

For its counterclaims against Plaintiff Social Positioning Input Systems, LLC ("Social Positioning"), Counterclaim Plaintiff Netsoft Corporation ("Netsoft"), alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Netsoft is a corporation organized and existing under the laws of Indiana that maintains a place of business at 11650 Olio Rd., Ste. 1000193, Fisher, IN, 46037-7619.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Social Positioning Input Systems, LLC is a limited liability company organized and existing under the laws of Texas that maintains its principal place of business at 1801 NE 123 Street, Suite 314, Miami, FL 33181.

## JURISDICTION

3. Netsoft incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Social Positioning has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Social Positioning's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '365 PATENT

7. Netsoft incorporates by reference Paragraphs 1–6 above.

8. Based on Social Positioning's filing of this action and at least Netsoft's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Netsoft infringes U.S. Patent No. 9,261,365 (the "'365 Patent").

9. Netsoft does not infringe at least Claim 1 of the '365 Patent because, *inter alia*, Plaintiff has not stated a plausible allegation that any system employed by Netsoft practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying

the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Netsoft requests a declaration by the Court that Netsoft has not infringed and does not infringe any claim of the '365 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11. Netsoft incorporates by reference Paragraphs 1–10 above.

12. Based on Social Positioning's filing of this action and at least Netsoft's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '365 Patent.

13. On information and belief, the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules, regulations, and laws pertaining thereto.

14. For example, as explained in Netsoft's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), incorporated by reference herein, the '365 Patent is invalid for failure to comply with 35 U.S.C. § 101. As explained, the '365 Patent claims nothing more than an abstract idea, and it fails to claim an inventive concept.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Netsoft requests a declaration by the Court that the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without

limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

16. Netsoft does not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Netsoft asks this Court to enter judgment in Netsoft's favor and against Social Positioning by granting the following relief:

a) a declaration that the '365 Patent is invalid;

b) a declaration that Netsoft does not infringe, under any theory, any valid claim of the '365 Patent that may be enforceable;

c) a declaration that Social Positioning take nothing by its Complaint;

d) judgment against Social Positioning and in favor of Netsoft;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Netsoft of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## **JURY DEMAND**

Netsoft hereby demands trial by jury on all issues.

| | |
|---|---|
| Dated: August 16, 2021 | By: */s/ Daniel D. Trachtman*<br>Daniel D. Trachtman, #879-49<br>Dinsmore & Shohl LLP<br>One Indiana Square, Suite 1800<br>Indianapolis, IN  46204-4208<br>p-317-639-6151<br>f-317-639-6444<br>Daniel.trachtman@dinsmore.com |

**ATTORNEY FOR DEFENDANT**
**NETSOFT HOLDINGS, LLC**

CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Francis Niper
The Law Office of Francis R. Niper
120 E. Market Street, Ste 1219
Indianapolis, IN 46204

  */s/ Daniel D. Trachtman*_____
Daniel D. Trachtman

22587641.1